IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**ANNESHA JACKSON v. STATE OF TENNESSEE**

**Criminal Court for Shelby County**
**No. C2005158**

_____

**No. W2025-00940-CCA-R3-PC**

_____

**ORDER**

On June 23, 2025, the Petitioner filed a pro se notice of appeal from the post-conviction court's denial of post-conviction relief. Accompanying the pro se notice of appeal was the Petitioner's correspondence asking whether her attorney had filed a notice of appeal. On June 27, 2025, this court directed appointed counsel, Carlos Maldanado, to file a response regarding the status of his representation. On July 11, 2025, Mr. Maldanado responded that the post-conviction court orally denied post-conviction relief on April 14, 2025, but did not file a written order until July 11, 2025. Mr. Maldanado asserted that he had not filed a notice of appeal because the written order had not been entered; he also asserted that he was not appointed to represent the Petitioner on appeal. Therefore, on July 16, 2025, this court remanded this matter to the post-conviction court for clarification of the Petitioner's representation status.

On August 4, 2025, the post-conviction court appointed substitute counsel, Khalia Word, to represent the Petitioner on appeal. Ms. Word filed a notice of appearance in this court on August 13, 2025. However, on December 23, 2025, Ms. Word filed a motion to withdraw based upon her obtaining new employment that precluded her continued representation of the Petitioner. On January 5, 2026, this court granted Ms. Word's motion to withdraw and remanded the matter to the post-conviction court for the appointment of substitute counsel. In so doing, this court stayed the appellate proceedings pending resolution of the representation issue.

On March 24, 2026, the post-conviction court appointed substitute counsel, Anthony Bridgeforth, Jr., to represent the Petitioner on appeal. Counsel filed a notice of appearance on April 15, 2026. On April 20, 2026, this court lifted the stay of appellate proceedings and directed that the Petitioner's opening brief be filed on or before May 20, 2026. Following this court's granting counsel's motion for permission to late-file the

brief, the Petitioner's brief was filed on June 9, 2026.[1]

At no time during the pendency of this appeal have counsel filed a notice of appeal on the Petitioner's behalf.

On June 23, 2026, the State filed a motion to dismiss this appeal. The State argues that the notice of appeal, filed pro se by the Petitioner while represented by counsel, is a nullity that did not attach jurisdiction to this court to adjudicate the appeal. *Robinson v. State*, No. W2024-01916-CCA-R3-PC, 2026 WL 1781863 (Tenn. Crim. App. June 22, 2026). The Petitioner, through counsel, has filed a response in opposition to the motion to dismiss, arguing that the Petitioner filed the pro se notice of appeal "under the correct belief that her post-conviction counsel had concluded his services." Alternatively, counsel has submitted a notice of appeal.

As this court has noted consistently throughout its orders regarding the Petitioner's representation status, counsel appointed to represent an indigent defendant in the trial court shall continue in that representation through the first-tier appeal unless counsel is granted permission to withdraw by the court. Tenn. Code Ann. § 40-14-203; Tenn. Sup. Ct. R. 13 § 1(e)(5). Contrary to counsel's argument, nothing in the appellate record reflects that Mr. Maldanado sought or was granted permission to withdraw until the post-conviction court's August 4, 2025 appointment of Ms. Word as substitute counsel. There is no question that the Petitioner was represented by counsel at the time that she filed the pro se notice of appeal. Thus, the pro se notice of appeal is a nullity and failed to invoke the jurisdiction of this court. *Robinson*, at *7; *see also State v. Bobo*, No. E2025-01092-CCA-R3-CD, 2026 WL 1847340 (Tenn. Crim. App. June 26, 2026); *State v. Huerta*, No. E2025-00063-CCA-R3-CD, 2026 WL 1450981 (Tenn. Crim. App. May 22, 2026).

Counsel alternatively submitted a notice of appeal with his response in opposition to the State's motion to dismiss in an effort to correct this jurisdictional defect. Tennessee Rule of Appellate Procedure 4(a) provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment." Tenn. R. App. P. 4(a). Therefore, the notice of appeal should have been

---

[1] We observe that the Petitioner asserts in her brief that the evidence preponderates against the post-conviction court's finding that the Petitioner's plea was voluntarily, knowingly, and intelligently entered based upon her argument that she "is deficient in English and mathematics." The appellate record reflects that the Petitioner alleged that her guilty plea was not knowingly, voluntarily, or intelligently entered due to the ineffective assistance of counsel relative to counsel's investigation of the offense and advice surrounding the plea. The Petitioner never raised any allegation that she lacked the cognitive capacity to enter a guilty plea in her pleadings or arguments before the post-conviction court. It is well settled that "[a]n appellant cannot raise an issue for the first time on appeal nor can they change their arguments on appeal." *State v. Hardison*, 680 S.W.3d 282, 309 (Tenn. Crim. App. 2023).

filed no later than August 11, 2025. Tenn. R. App. P. 4(a); *id*. at 21(a). The notice of appeal, submitted on June 25, 2026, is untimely.

That said, the notice of appeal in a criminal case "is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice." *Id*. "Waiver is not automatic." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). When confronted with filing an untimely notice of appeal, an appellant should file a motion in this court seeking a waiver of the timely filing of the notice of appeal. *Id*. The motion should contain information relevant to this court's consideration of a motion seeking waiver, which includes "the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id*. (citations omitted).

Petitioner's counsel has not filed such a motion. Rather, counsel argues that the Petitioner "took the necessary steps to preserve her rights under the circumstances and since that time her counsel has worked to address any issues so that this case can be resolved on its merits."

We conclude that the notice of appeal, filed pro se while represented by counsel, was a nullity that failed to invoke this court's jurisdiction. Likewise, counsel's attempt to correct this deficiency by filing a notice of appeal over ten months past the August 11, 2025 due date—unaccompanied by a motion seeking permission to waive the timely filing of the notice of appeal—failed to invoke this court's jurisdiction.

Upon full consideration, the State's motion is well-taken and is, therefore, GRANTED. We dismiss this appeal for lack of jurisdiction.

JUDGE J. ROSS DYER
JUDGE JOHN W. CAMPBELL, SR.
JUDGE MATTHEW J. WILSON

- 3 -